GREGORIA ITURRIAGA LOPATEGUI, Plaintiff and Appellee, *v.* JOSÉ FERNÁNDEZ, Defendant and Appellant; GIL FERNÁNDEZ RODRÍGUEZ and FRANCISCA FERNÁNDEZ ORTIZ, ET AL., Interveners and Appellants.

No. 11157. Argued November 12, 1954.—Decided February 28, 1955.

*Víctor M. Parés* for appellant. *C. Domínguez Rubio* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The appellants are the testamentary heirs or legatees of Manuel Fernández Riesco. Among the debts of the hereditary estate was one in favor of Antonio Manjón Fernández for $3,100, plus interest at 6 per cent per annum, secured by mortgage constituted by public deed of May 23, 1925. When the division of the estate was made, defendant José Fernández bound himself to pay the debt in question and the interest thereon. In return, a property of 58 cuerdas situated in the wards of Cuyón and Roble of the municipality of Aibonito was adjudicated to him, it being stipulated in the deed of protocolization, after setting forth a description of the parcel by its four cardinal points, that:

"This parcel will remain in possession of Fernández to answer for the debts. Although he is not required to pay any rent for the use thereof, he shall pay his proportional share of the full amount of taxes payable on such property, plus interest on the mortgage from June 23 of the present year (1931) until the same is paid in full.

"In the event Mr. Manjón's debt is paid, or if there are no persons with a right thereto, two-thirds of the parcel in question shall be deemed to belong to Fernández' heirs and the other one-third to José Fernández and his brothers-legatees. If the debt is left unpaid, the parcel shall answer for payment of the debt."

On March 10, 1952, Gregoria Iturriaga Lopategui filed an "action of debt and recognition of rights" against José Fernández and Osvaldo Ortiz.[1] She alleged therein that she was the sole and universal heir of Manjón Fernández, and demanded payment of the said sum of $3,100, plus $1,132 of interest accrued and which might accrue until the obligation be paid in full. In the alternative, she requested in the prayer of the complaint that the ownership of the property of 58 cuerdas be adjudicated in her favor.

Defendant answered in the form of a writing signed by himself. His only allegation was that the action brought against him had prescribed, because "the claims in actions involving sealed contracts or affecting real-property titles must be filed within twenty (20) years." Plaintiff next filed a motion to strike said defense and for judgment on the pleadings. Attached to her motion was a statement acknowledged before the United States vice-consul of Bogotá. The lower court set the motion for hearing which was duly notified to defendant Fernández. In view of his failure to appear, plaintiff's motion was granted on March 11, 1953 and judgment rendered ordering the defendant to pay to the former the sum of $3,100, plus $1,732 of interest accrued and which might accrue as to the date of the judgment, at the legal rate, plus costs and $300 for attorney's fees. The time to appeal having expired and the judgment having become final and unappealable, the court, on motion of plaintiff ordered the public sale of the 58-cuerda property which

---

[1] Osvaldo Ortiz, who was joined as defendant in his capacity as lessee of the parcel in question, was subsequently stricken from the action on motion of plaintiff.

had been attached to secure the effectiveness of the judgment which might be rendered.

On August 27, 1953, defendant Fernández, within the period prescribed in Rule 60(b) [2] of the Rules of Civil Procedure and this time represented by an attorney, filed in the lower court a writing entitled "Motion to set aside the judgment and public sale in execution of judgment." The same day the other appellants filed a writing entitled "Request for intervention to set aside the judgment and to join the appearing parties as defendants." [3] After hearing the parties the lower court dismissed both motions. Both José Fernández and the presumptive interveners appealed from the orders denying those motions and filed a joint brief for both appeals. They contend that the lower court erred (1) in denying defendant's motion to set aside the judgment and the public sale, and to admit the proposed answer which accompanied his motion; and (2) in denying the petition of the interveners to be joined as defendants, to set aside the judgment, and to admit the proposed answer.

Defendant Fernández maintained in his motion that the judgment rendered by the lower court should be set aside (a) on the ground that he committed the mistake and the excusable neglect referred to in Rule 60(b), *supra*, and (b) because the judgment is void and erroneous. We now turn to discuss the first ground of that motion.

There is no question that the defense of prescription may be raised by motion to dismiss under Rule 12(b). *Ramos* v. *People*, 67 P.R.R. 600. Nor is there any

---

[2] Rule 60(b) of the Rules of Civil Procedure provides in part that:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his *mistake, inadvertence, surprise,* or *excusable neglect.* The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." (Italics ours.)

[3] Both the motion of defendant Fernández and the petition for intervention filed by the other appellants were accompanied by separate answers to the complaint.

question, likewise, that before the Rules of Civil Procedure took effect (September 1, 1943) and under the authority of the Code of Civil Procedure, the failure of defendant to appear and argue his demurrer (now motion to dismiss) for insufficiency, might be ground for a dismissal and for a judgment on the pleadings. *Muñoz* v. *Nieves*, 53 P.R.R. 331. The same is true if the demurrer was frivolous. *Morales* v. *Torres*, 49 P.R.R. 227; *Mora* v. *Rivera et al.*, 25 P.R.R. 457. However, a demurrer raising the bar of the statute of limitations as well as a motion to dismiss on the same ground will not be sustained where the complaint does not show on its face any date from which the period of prescription could be computed.[4a] *Hernáiz, Targa & Co. Succrs., S. en C.* v. *Cobián*, 41 P.R.R. 546. No date is shown in the instant case.

██ A motion to set aside a judgment, such as that of defendant Fernández, is governed by Rule 60(*b*). *Great Am. Ins. Co.* v. *District Court*, 67 P.R.R. 529. Such Rule should be interpreted liberally. So should Rule 55(*c*).[4] *Latoni* v. *Court of Eminent Domain*, 71 P.R.R. 385.

██ However, it is a legal principle that a motion for judgment on the pleadings should not be granted if the pleadings raise a genuine issue of fact. *Irizarry* v. *Tax Court*, 71, 178, 186. Since the essential facts of the complaint were admitted by virtue of the motion to dismiss, no genuine issue of fact was raised here. Furthermore, in order to warrant a judgment on the pleadings the right of the moving party must be clear. *Sepúlveda* v. *Casanova*, 72 P.R.R. 60. Yet the granting or denial of a motion to set aside a judgment is a matter within the discretion of the trial court. *Greer*

---

[4a] Of course, where the complaint does not show on its face the dates on which prescription may be computed, the defendant may submit with the proper motion affidavits or other documents in support of his plea of prescription.

[4] Rule 55(*c*) provides that:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(*b*)."

v. *Pérez*, 59 P.R.R. 573; *Piris* v. *Hernández*, 59 P.R.R. 700; *People* v. *Rivera*, 59 D.P.R. 976. The determination of the trial court will not be disturbed on appeal, unless a clear abuse of discretion is shown. See next preceding cases as well as 3 Moore's *Federal Practice* 3277, 1st ed., § 60.05.

In the case at bar, the lower court issued the orders appealed from after hearing the parties in connection with the two motions in question. The transcript sent up on appeal contains no record of what took place at that hearing, or of the evidence considered by the court, if any was offered and admitted, to reach its conclusion. In view of the clear and conclusive context of Rule 60(*b*), and of the analysis of the record made by us, we cannot conclude that the trial court abused its discretion in refusing to set aside the judgment on the ground that defendant Fernández committed the mistake, inadvertence, surprise, or excusable neglect mentioned in the said Rule.

Having dismissed, as untenable, the first ground of the appeal taken by defendant José Fernández, we turn to consider whether the lower court should have set aside the judgment rendered as null and void. We agree with appellee that Rule 60(*b*) does not by its context authorize the setting aside of a judgment because of errors committed by a court. Such Rule refers in fact to errors of the moving party and not errors of the court. *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289, 297 (note 13); *González* v. *Am. Surety Co.*, 71 P.R.R. 330. However, the trial court is bound to grant a motion to set aside a final and unappealable judgment which is null on its face, namely, when it so appears from the judgment roll containing it.[5] *Alcázar* v. *District Court*, 67 P.R.R. 680. There is nothing in the record to show that the judgment against Fernández is void on its face.

Furthermore, it is well to clarify here that de-

---

[5] Judgment roll is defined in § 233 of the Code of Civil Procedure. See, also, *Parrilla* v. *Loíza Sugar Co.*, 49 P.R.R. 586; 2 Cal. Jur. 509, §§ 250 to 258; 4 Cal. Jur. 2d 43, §§ 308 to 319.

fendant Fernández' motion is a collateral attack on the judgment in so far as the former alleges the nullity of the latter as a ground to set it aside. See *Pérez* v. *District Court*, 70 P.R.R. 624. The judgment was already final and unappealable and, as stated before, under Rule 60 (*b*) the nullity of the judgment is not a ground to set it aside. The authorities on the matter support the view that a judgment is not void merely because it is erroneous or voidable—see 31 Am. Jur. 66, § 401—and some hold that, for a judgment to be void, it is necessary that it be rendered by a court without jurisdiction of the person or the subject matter. 14 Cal. Jur. 1066, § 111. In the instant case, the trial court had jurisdiction of both the person of the defendant and the subject matter of the action. *Cf. Ortiz* v. *The Crescent Trading Co.*, 69 P.R.R. 464; *Flores* v. *Marxuach*, per curiam decision of May 10, 1954. We cannot, therefore, say that the judgment rendered herein is null and void.

 Defendant insists that the judgment rendered against him is void on the ground that certain persons, who were indispensable parties to the action, did not appear as defendants.[6] We do not agree. The action instituted against him, strictly speaking, was for collection of money. As a consequence thereof, and in order to secure the effectiveness of the judgment, an attachment was levied on the parcel in question. The fact that the caption and the prayer of the complaint speak of the recognition of rights to the property in question, does not alter the situation in any way. Neither one nor the other is a part of the complaint. *Sánchez* v. *De Choudens*, 76 P.R.R. 1, note 2; *García* v. *García*, 70 P.R.R. 905, 913, note 1; *Cruz* v. *Andrini*, 66 P.R.R. 119, 124. The judgment of the lower court merely ordered defendant Fernández to pay a sum of money, and made no determination as to the property or the interest which the interveners may have in said property. The questions of

---

[6] For definition of indispensable party, see *People* v. *Henneman,* 61 P.R.R. 184, 189.

whether the interveners had any right or interest in the property attached and thereafter sold at public auction, and whether such right or interest is to be litigated in a separate and independent action, are not for the moment before the Court, and we need not therefore decide them. The foregoing reasoning likewise disposes of the single error assigned by the interveners.

The judgment appealed from will be affirmed.